UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN J. MARKOWITZ,<br><br>                                      Plaintiff,<br><br>            v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                                      Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Alan J. Markowitz ("Mr. Markowitz"), for his Complaint against the Securities and Exchange Commission (the "SEC" or the "Commission"), alleges as follows:

## INTRODUCTION

1. Mr. Markowitz is a Certified Public Accountant ("CPA"), licensed to practice accounting in New York and New Jersey. By an *Order Instituting Public Administrative Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice and Notice of Hearing*, dated February 28, 2023 (the "OIP"), the Commission instituted an administrative proceeding against Mr. Markowitz (the "Administrative Proceeding"), asserting claims and seeking relief, including monetary penalties, in connection with his conduct of two annual audits.

2. This action seeks declaratory and injunctive relief to prevent the Commission from violating Mr. Markowitz's constitutional rights by subjecting him to

an unconstitutional Administrative Proceeding. Mr. Markowitz seeks a declaration that:

(a) The Administrative Proceeding violates Mr. Markowitz's Seventh Amendment right to a jury trial;

(b) The assignment of the Administrative Proceeding to, and its conduct by, an Administrative Law Judge whose appointment and removal is insulated from control by the President, would violate Article II of the Constitution, which vests the Executive Power of the United States in the President; and

(c) The Commission's unfettered discretion to bring cease-and-desist enforcement actions either in federal district court or in administrative proceedings is an unconstitutional delegation of legislative power, which Article I of the Constitution vests in Congress.

3. Mr. Markowitz also seeks injunctive relief enjoining the Commission from proceeding with the Administrative Proceeding, including in particular, the appointment of an Administrative Law Judge to the proceeding and the conduct of a hearing.

## PARTIES

4. Mr. Markowitz is a partner in the Assurance Services division of Marcum LLP ("Marcum")'s New York City and New Jersey offices. He resides in New Jersey and works in New York City and New Jersey.

5. The Commission is an agency of the United State government. It is headquartered in Washington, D.C., and has a regional office in New York City.

## JURISDICTION AND VENUE

6. This action challenges the constitutionality of the Administrative Proceeding. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court's subject matter jurisdiction also derives from 28 U.S.C. §§ 1346, 1651, 2201 and 5 U.S.C. §§ 702 and 706.

7. It is appropriate for the Court to exercise subject matter jurisdiction over these constitutional claims. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 143 S. Ct. 890, 900-06 (2023) (holding that a federal district court has jurisdiction to hear a constitutional challenge to an SEC administrative proceeding).

8. The Court has personal jurisdiction over the Commission and venue is proper in the district pursuant to 28 U.S.C. §§ 1391(b), (c) and (e).

## BACKGROUND

9. Mr. Markowitz is a highly experienced auditor with an unblemished professional record of over 40 years. In a career spanning more than four decades, and until the Commission initiated its recent Administrative Proceeding against him, Mr. Markowitz has never been accused of any professional misconduct or subject to professional discipline by the Commission, the Public Company Accounting Oversight Board ("PCAOB"), the American Institute of Certified Public Accountants, any state accountancy board or any other regulatory or professional body.

**A. The Audits of FTE Networks, Inc.**

10. Mr. Markowitz was the engagement partner for the year-end audits and quarterly reviews of FTE Networks, Inc. ("FTE") for 2014 – 2017.

3

11. The Commission's Administrative Proceeding against Mr. Markowitz arises from the audits of the consolidated financial statements of FTE for the years-ended December 31, 2016 and December 31, 2017 (the "2016 and 2017 FTE Audits")—audits in connection with which the United States Department of Justice ("DOJ") has charged, and the Commission has sued, FTE's former management for perpetrating a collusive management fraud that involved concealing information, making false statements, and creating false documents to mislead FTE's auditors.  *See U.S. v. Michael Palleschi, et al.*, 21-CR-454-CM (S.D.N.Y. 2021), *U.S. v. Daniel Moser*, 22-CR-00523-RA (S.D.N.Y. 2022), *SEC v. Michael Palleschi and David Lethem*, 21-cv-00530 (M.D. Fl. 2022), *SEC v. Anthony Sirotka*, 22-cv-00348 (M.D. Fl. 2022), *SEC v. Daniel Moser*, 22-cv-00629 (M.D. Fl. 2022).

### B. The Commission Institutes an Administrative Proceeding Against Mr. Markowitz

12. On February 28, 2023, the Commission instituted the Administrative Proceeding against Mr. Markowitz.

13. The OIP alleges that Mr. Markowitz failed to conduct the 2016 and 2017 FTE Audits in accordance with PCAOB auditing standards, including standards requiring due professional care.  The OIP also alleges that Mr. Markowitz caused his firm to violate Rule 2-02(b)(1) of Regulation S-X by authorizing for the 2016 and 2017 FTE Audits, the firm's issuance of audit reports stating that the audits were conducted in accordance with PCAOB standards.  The OIP seeks a civil monetary penalty and injunctive relief.

14. On April 27, 2023, pursuant to the Commission's Rules, Rule 201.220, Mr. Markowitz filed and served his Answer in the Administrative Proceeding, denying the allegations and claims of violations of any applicable rules and standards, and asserting affirmative defenses. In answering the OIP, Mr. Markowitz specifically reserved his rights to pursue a federal court action challenging the constitutionality of the Administrative Proceeding.

15. Pursuant to the OIP and the Commission's Rules, the SEC's Division of Enforcement (the "Division") and Mr. Markowitz conducted a prehearing conference on May 10, 2023. As required by the Commission's Rules, *see id*. §§ 201.221(b) and (c), following the conference, the parties submitted to the Commission a joint statement including a proposed schedule for discovery and the hearing (the "Joint Statement"). According to the Joint Statement, the hearing is scheduled to commence on February 19, 2024. In participating in the prehearing conference and the Joint Statement, Mr. Markowitz specifically reserved his rights with respect to pursuing this action challenging the Administrative Proceeding and the hearing scheduled to be conducted in this proceeding.[1]

---

1. The Joint Statement states in relevant part: "During the May 10, 2023 prehearing conference, Respondent's counsel informed the Division that Respondent may file an action in federal district court seeking judicial relief in connection with this proceeding. Accordingly, Respondent reserves his right to object to this proceeding and any hearing conducted in this proceeding." (Joint Statement at 2, n.1.)

### C. The Administrative Proceeding

16. During the abbreviated time until the commencement of the scheduled hearing, Mr. Markowitz will be required to process and review the Division's voluminous document production in the Administrative Proceeding—clocking at over 1.1 terabytes and over 2.7 million documents; take and complete his own discovery; consider and make any dispositive motions; and prepare for trial.

17. The Administrative Proceeding and the hearing will be conducted by a Commission-appointed "hearing officer," who is an SEC employee. *See, e.g.*, 17 C.F.R. § 201.221(a)(2) (purpose of a prehearing conference in which the respondent must participate includes "[e]stablishing early and continuing control of the proceeding by the hearing officer"); 17 C.F.R. § 201.250 (dispositive motions to be decided by the "hearing officer"); 17 C.F.R. § 201.360(a)(2)(ii) (directing a "hearing officer" to schedule a hearing). A "[h]earing officer means an administrative law judge, a panel of Commissioners constituting less than a quorum of the Commission, an individual Commissioner, or any other person duly authorized to preside at a hearing." 17 C.F.R. § 201.101(5).

### D. The Commission's Administrative Scheme

18. The Commission is an independent law enforcement agency that may bring enforcement actions in federal district court or as in-house administrative proceedings. *See* 15 U.S.C. §§ 78d-1(a), 78u(d), 78u-1, 78u-2, 78u-3.

19. The Commission employs Administrative Law Judges or "ALJs", to whom it refers administrative hearings. As the Supreme Court recently observed, when

the Commission elects to bring an enforcement action as an administrative proceeding, "it typically delegates the initial adjudication to an ALJ." *Axon Enter., Inc.*, 143 S. Ct. at 897.

20. An Administrative Law Judge assigned to a Commission administrative proceeding "has authority, much like a regular trial judge, to resolve motions, hold a hearing, and then issue a decision." *Id.* at 898 (citing 17 C.F.R. §§ 201.221-201.360). The respondents in the administrative proceeding, however, are not afforded the same rights and protections as they would receive in federal district courts, including the Seventh Amendment right to a jury trial.

21. In addition, any appeals from the decision of an Administrative Law Judge are first heard by the very same SEC Commissioners that authorized the administrative proceeding in the first place. *See* 17 C.F.R. § 201.410(a). The Commission may "affirm, reverse, modify, set aside or remand for further proceedings . . . ." 17 C.F.R. § 201.411(a). The Commission also has the discretion to decline review of the "initial decision," *id.* § 201.411(b)(2), in which case the hearing officer's initial decision becomes the "final decision." Once the Commission enters a "final decision," a respondent's only recourse is an appeal to a federal circuit court, which is constrained to treat the findings of the Commission as "conclusive," "if supported by substantial evidence." *See* 15 U.S.C. § 78y(a)(1), (4).

22. Concerns over the fairness of the Commission's discretion to bring enforcement actions as in-house proceedings or federal district court proceedings have

7

garnered scrutiny and criticism. A 2016 report by the House Financial Services Committee observed:

> Unlike in federal court cases seeking penalties, in which, following the opportunity to take full discovery (including depositions of all the key individuals), a defendant has a right to a jury trial presided over by a neutral federal judge, administrative proceedings are before an administrative law judge, a commission employee, who renders an initial decision that is subject to an appeal to his or her employer, the commission (which itself brought the administrative complaint), with an unfavorable commission decision being subject to appeal to a U.S. Court of Appeals.

H.R. Rep. No. 114-697, at 1 (2016).[2]

23. A Wall Street Journal article reported that between October 2010 and March 2015, the Commission had a 90% success rate in contested cases heard by Administrative Law Judges and a 69% success rate in cases it pursued in federal court. *See* Jean Eaglesham, SEC Trims Use of In-House Judges, Wall St. J. (Oct. 11, 2015).[3]

24. In short, the Commission has a home-court advantage litigating in its in-house administrative proceedings, compared with litigating in federal district court.

25. Last year, the Fifth Circuit Court of Appeals held that a Commission administrative proceeding was unconstitutional on three grounds. The Court held that: (i) the proceeding deprived petitioners of their Seventh Amendment right to trial by a civil jury; (ii) Congress unconstitutionally delegated legislative power to the

---

2. Available at https://www.congress.gov/congressional-report/114th-congress/house-report/697/1.

3. Available at http://www.wsj.com/articles/sec-trims-use-of-in-house-judges-1444611604.

8

Commission by failing to provide an intelligible principle for the Commission to follow in choosing whether to bring an enforcement action in federal district court or as an in-house administrative proceeding; and (iii) the "statutory removal restrictions for SEC ALJs are unconstitutional." *See Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 449, 463 (5th Cir. 2022) (petition for certification to the U.S. Supreme Court pending).[4]

26. For some months following the Fifth Circuit's decision in *Jarkesy*, the Commission chose not to bring any contested enforcement actions as administrative proceedings. Indeed, last year, the Commission Staff advised Mr. Markowitz that they were considering recommending that the Commission institute an action against him in federal district court. Without explanation, however, the Commission instead chose to bring its enforcement action against Mr. Markowitz as an administrative proceeding. The Commission's unilateral choice deprives Mr. Markowitz of his constitutional rights. Accordingly, Mr. Markowitz seeks declaratory and injunctive relief.

## INJUNCTIVE RELIEF

27. To obtain a permanent injunction, a plaintiff must demonstrate (i) an irreparable injury if relief is not granted; (ii) absence of an adequate remedy at law to compensate for that injury; (iii) that an equitable remedy is warranted considering the balance of hardships between the parties; and (iv) that the public interest would not be

---

4. The Commission has filed a petition with the U.S. Supreme Court seeking a writ of certiorari and reversal of the Fifth Circuit's decision on all three grounds. *See Sec. & Exch. Comm'n v. Jarkesy, et al.*, Case No. 22-859 (U.S. Sup. Ct.), *Petition for a Writ of Certiorari*, Mar. 8, 2023. The parties' briefing on the Commission's petition is not yet complete.

disserved by a permanent injunction. *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 322 (2d Cir. 2022) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Mr. Markowitz satisfies the requirements for injunctive relief.

28. Without injunctive relief from this Court, Mr. Markowitz will be forced to submit to an unconstitutional proceeding. This "here-and-now" injury in and of itself will be irreparable harm to Mr. Markowitz unless the Administrative Proceeding is enjoined. *See Axon Enter., Inc.*, 143 S. Ct. at 903-04.

29. Nor can this injury be remedied with after-the-fact money damages, as this is an irreversible and non-compensable "here-and-now" injury. *See id.*

30. The harm to Mr. Markowitz of being subjected to an unconstitutional proceeding far outweighs harm, if any, to the Commission, which routinely initiates and litigates actions in federal district courts.

31. Finally, the grant of an injunction in this case will serve the public interest by protecting and preserving constitutional rights.

**COUNT I**
**(Declaratory Judgment and Injunction – Violation of the
Seventh Amendment Right to a Jury Trial)**

32. Mr. Markowitz repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. The Administrative Proceeding violates Mr. Markowitz's Seventh Amendment right to a jury trial.

34. In deciding whether a particular action is a suit "at common law" that triggers the Seventh Amendment right to a jury trial, courts in this Circuit must ask: (i)

"'whether the action would have been deemed legal or equitable in 18th century England;'" and, (ii) more importantly, whether the "'remedy sought … is legal or equitable in nature.'" *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (quoting *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir.1993) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).

35. The Commission's central claim in the Administrative Proceeding against Mr. Markowitz is a negligence claim, alleging—incorrectly—that Mr. Markowitz "failed to exercise due professional care" in the conduct of the 2016 and 2017 FTE Audits. (*E.g.*, OIP ¶¶ 2, 14, 19, 34-38, 40.) Negligence claims are akin to traditional actions at law to which the right to a jury trial attaches.

36. The Commission seeks a civil money penalty pursuant to Section 21B(a) of the Exchange Act. (OIP at 14.) A civil money penalty is a type of "legal" remedy, and the Seventh Amendment right to a jury trial attaches to suits brought under a statute seeking such penalties. *See Tull v. United States*, 481 U.S. 412, 417 (1987); *Jarkesy*, 34 F.4th at 454-55.

37. Accordingly, Mr. Markowitz seeks a declaratory judgment that the Administrative Proceeding violates his Seventh Amendment right to a jury trial.

38. Mr. Markowitz also seeks an injunction enjoining the Commission from conducting a hearing in the Administrative Proceeding. A hearing in the Administrative Proceeding would irreparably harm Mr. Markowitz by subjecting him to an unconstitutional proceeding in which he is deprived of his constitutional right to a jury trial. As further described above in Paragraphs 27-31, an injunction is warranted.

## COUNT II
### (Declaratory Judgment and Injunction – Statutory Restrictions on Removal of SEC Administrative Law Judges Violate Article II of the U.S. Constitution)

39. Mr. Markowitz repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. When the Commission elects to bring an enforcement action as an administrative proceeding, "it typically delegates the initial adjudication to an ALJ," who "has authority, much like a regular trial judge, to resolve motions, hold a hearing, and then issue a decision." *Axon Enter., Inc.*, 143 S. Ct. at 897-98.

41. SEC Administrative Law Judges are officers of the Commission, who report to the Commission and act under authority delegated by the Commission. 15 U.S.C. § 78d-1(a); 17 C.F.R. § 200.30-10. The Commission is an executive agency of the United States. *See Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) (determining that SEC Administrative Law Judges are "Officers of the United States" for purposes of the Appointments Clause).

42. Article II of the U.S. Constitution vests the Executive Power of the United States in the President and provides that the President must "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. This means *inter alia* that the President must have the power to keep executive officers "accountable – by removing them from office, if necessary." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 483 (2010) (citing *Myers v. United States,* 272 U.S. 52, 47 (1926)). The President's power to remove an Administrative Law Judge, however, is constrained by statute. The

Commission can remove an ALJ "only for good cause established and determined by the Merits Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. § 7521(a). The President, in turn, can remove members of the Merit Systems Protection Board ("MSPB") only for "inefficiency, neglect of duty, or malfeasance in office." *See* 5 U.S.C. § 1202(d). And in *Jarkesy*, the Fifth Circuit observed that the President can only remove an SEC Commissioner for good cause. *See Jarkesy*, 34 F.4th at 464. Thus, an SEC ALJ is insulated from removal by the President by at least two layers of for-cause protection. These layers of for-cause protection deprive the President of Executive Power and, therefore, violate Article II of the U.S. Constitution. *See Free Enter. Fund*, 561 U.S. at 492 (two layers of for-cause protection from removal for members of the PCAOB held unconstitutional).

43. Accordingly, Mr. Markowitz seeks a declaratory judgment that assignment of the Administrative Proceeding to, and its conduct by, an Administrative Law Judge would be unconstitutional.

44. Mr. Markowitz also seeks an injunction enjoining the Commission from the assignment of the Administrative Proceeding to, and its conduct by, an Administrative Law Judge. Assignment of an Administrative Law Judge to the Administrative Proceeding and conduct of that proceeding by an Administrative Law Judge would irreparably harm Mr. Markowitz by subjecting him to an unconstitutional proceeding led by an unconstitutional decisionmaker. As further described above in Paragraphs 27-31, an injunction is warranted.

## COUNT III
### (Declaratory Judgment and Injunction – Unconstitutional Delegation of Legislative Powers)

45. Mr. Markowitz repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46. The Commission's unfettered discretion to bring cease-and-desist enforcement actions in federal district courts or within the agency as administrative proceedings is an unconstitutional delegation of legislative powers, which violates Article I of the Constitution.

47. Article I of the Constitution provides that, "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I, § 1. Congress may grant regulatory power to another entity provided that it also provides an "intelligible principle" for that entity to exercise that power. *See Mistretta v. United States*, 488 U.S. 361, 372 (1989) (citing *J.W. Hampton Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)).

48. Pursuant to the Dodd-Frank Act, § 929P(a), Congress gave the Commission the unfettered authority to decide which enforcement actions for monetary penalties to prosecute within the agency rather than in federal district courts without tethering that power to any "intelligible principle."

49. The Commission's decision to bring an enforcement action against Mr. Markowitz as an Administrative Proceeding, instead of as an action in federal district court, is an exercise of that unfettered and unconstitutional power.

14

50.     Accordingly, Mr. Markowitz seeks a declaratory judgment that the Administrative Proceeding is unconstitutional because it is the product of an unconstitutional delegation of legislative powers to the Commission.

51.     Mr. Markowitz also seeks an injunction enjoining the Commission from conducting the Administrative Proceeding.  The Administrative Proceeding irreparably harms Mr. Markowitz by subjecting him to an unconstitutional proceeding.  As further described above in Paragraphs 27-31, an injunction is warranted.

## RELIEF REQUESTED

WHEREFORE, Mr. Markowitz prays that the Court award judgment in his favor on each of his causes of action, and:

(a)     Enter a judgment pursuant to 28 U.S.C. § 2201 declaring that: (i) the Administrative Proceeding violates Mr. Markowitz's Seventh Amendment right to a jury trial; (ii) the assignment of the Administrative Proceeding to, and its conduct by, an Administrative Law Judge is unconstitutional; and (iii) the Administrative Proceeding is the product of an unconstitutional delegation of legislative powers;

(b)     Enjoin the Commission from assigning an Administrative Law Judge to the Administrative Proceeding, conducting an administrative hearing or otherwise proceeding with the Administrative Proceeding;

(c)     Award Mr. Markowitz's costs and attorneys' fees in connection with this proceeding; and

(d)     Grant Mr. Markowitz such other and further relief as the Court deems just, proper and equitable under the circumstances.

Dated:     New York, New York
           May 30, 2023

        HUGHES HUBBARD & REED LLP

        By :  */s/ William R. Maguire*

        William R. Maguire
        Amina Hassan
        One Battery Park Plaza
        New York, New York  10004-1482
        (212) 837-6000
        bill.maguire@hugheshubbard.com
        amina.hassan@hugheshubbard.com

        *Attorneys for Plaintiff Alan J. Markowitz*