



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

August 17, 2023

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

The case is hereby STAYED. The parties shall file a joint status letter no later than 30 days after the U.S. Supreme Court issues a decision in *SEC v. Jarkesy*, Case No. 22-859 (U.S. 2023). The letter shall include the impact, if any, of that decision on this action and the parties' proposed plan forward.

Dated: August 17, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Re:   *Markowitz v. Securities and Exchange Commission*,
      No. 1:23-cv-04495 (JGLC)

Dear Judge Clarke:

We represent Plaintiff Alan J. Markowitz and write on behalf of both parties, Plaintiff and the Defendant Securities and Exchange Commission (the "Commission" or "SEC"), pursuant to Rule 2.a of Your Honor's Individual Rules and Practices, to request a stay of this action pending the United States Supreme Court's decision in a case that presents the same issues that are the subject of this action.

  A. Background

Mr. Markowitz is a Certified Public Accountant ("CPA"). On February 28, 2023, the SEC commenced an in-house administrative proceeding against him (the "Administrative Proceeding"). On April 14, 2023, the Supreme Court issued a decision holding that federal district courts have jurisdiction to hear constitutional challenges to SEC administrative proceedings. *See SEC v. Cochran*, 143 S. Ct. 890, 900-06 (2023). On May 30, 2023, Mr. Markowitz commenced this action against the SEC, challenging the constitutionality of the Administrative Proceeding against him.

In his Complaint, Mr. Markowitz asks the Court for a declaration that the Administrative Proceeding is unconstitutional and an order enjoining that proceeding. (*See* ECF 1 (Compl.) ¶¶ 2-3.) The Complaint asserts the following three claims: (1) the Administrative Proceeding violates Mr. Markowitz's Seventh Amendment right to a jury trial (Count I); (2) the assignment of the Administrative Proceeding to, and its conduct by, an Administrative Law Judge whose appointment and removal is insulated from control by the President, would violate Article II of the Constitution, which vests

the Executive Power of the United States in the President (Count II); and (3) the SEC's unfettered discretion to bring enforcement actions either in federal district court or in administrative proceedings is an unconstitutional delegation of legislative power, which Article I of the Constitution vests exclusively in Congress. (Count III.)  (*See id.* ¶ 2.)

On June 30, 2023, the Supreme Court granted the SEC's petition for certiorari in *SEC v. Jarkesy*, Case No. 22-859 (U.S. 2023), an appeal by the SEC from a decision of the Fifth Circuit Court of Appeals holding that certain SEC administrative proceedings are unconstitutional.  *See Jarkesy v. SEC*, 34 F.4th 446, 449–50 (5th Cir. 2022).  In its writ of certiorari in *Jarkesy*, the SEC raised the following three questions:  (1) whether statutory provisions that empower the SEC to initiate and adjudicate administrative enforcement proceedings seeking civil penalties violate the Seventh Amendment; (2) whether statutory provisions that authorize the SEC to choose to enforce the securities laws through an agency adjudication instead of filing a district court action violate the nondelegation doctrine; and (3) whether Congress violated Article II by granting for-cause removal protection to administrative law judges in agencies whose heads enjoy for-cause removal protection.  *See SEC Petition for a Writ of Certiorari, SEC v. Jarkesy*, No. 22-859 (U.S. Mar. 8, 2023) at I (Questions Presented).

These three issues before the Supreme Court in *Jarkesy* are the same as the three issues before this Court in the instant case—specifically, they correspond to Counts I, III, and II, respectively, of Mr. Markowitz's Complaint.  Accordingly, the parties expect that the Supreme Court's determination of *Jarkesy* will also control the outcome of this action.  Further, in light of the *Jarkesy* appeal, on August 7, 2023, the SEC stayed the Administrative Proceeding that Mr. Markowitz challenges in this action.[1]

### B. There is Good Cause to Stay This Action

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North America Co.*, 299 U.S. 248, 254 (1936)).  In determining whether to stay an action, courts in this district typically consider five factors, also referred to as the *Kappel* factors:  "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'"  *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524,

---

[1] Currently, the following deadlines apply in this case:  August 21, 2023 (deadline for the SEC to respond to Mr. Markowitz's Complaint); August 23, 2023 (the parties must submit to the Court a Joint Letter and Case Management Plan and inform the Court whether they agree to proceed before a Magistrate Judge) (ECF 13 at 1); and August 30, 2023 (initial pretrial conference with the Court) (*id.*).

526 (S.D.N.Y. 2020) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

Moreover, as another judge in this district observed in granting a stay, it is an "inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision that all agree will significantly impact th[e instant] litigation." *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (J. Daniels). Rather, a court properly exercises its discretion to stay an action when similar issues are pending before a higher court. *See, e.g.*, *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir.1977) (instructing the district court to stay the action pending a Supreme Court decision in a "closely related case" which was likely to determine the question of liability); *Jugmohan v. Zola*, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (staying the action and "declining to rule on the same issue" as presented to the Supreme Court in a case in which the higher court had recently granted certiorari); *In re Literary Works*, 2001 WL 204212, at *3 (granting a stay motion because the "Supreme Court's review of *Tasini* is likely to have a significant, if not dispositive, impact on the cases here.").

Here too, the Supreme Court's decision in *Jarkesy* is expected to have a significant, if not dispositive, impact on this action, and all five *Kappel* factors weigh in favor of a stay. First, a stay of this action is in the parties' and the court's interests (*Kappel* factors one, two and three) because it will conserve their resources in litigating issues that will soon be decided by a controlling authority. As the court noted in *Jugmohan v. Zola*, "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy." 2000 WL 222186, at *5. Second, a stay of this action will not prejudice any third parties (*Kappel* factor four). Third, because "considerations of judicial economy are frequently viewed as relevant to the public interest," a stay of this action will also serve the public interest (*Kappel* factor five). *See Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012).

Accordingly, the parties respectfully request that the Court stay this action. The parties propose that, within 30 days of the Supreme Court issuing a mandate in *Jarkesy*, they will provide the Court a status report, discussing the impact, if any, of that decision on this action and the parties' proposed plan forward.

We appreciate the Court's consideration of this request and are available for any questions.

Respectfully submitted,

/s/ William R. Maguire

William R. Maguire

cc:    All Counsel of Record (via ECF)